UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NICHOLAS J. LONGEE, <br><br> Petitioner, <br><br> v. <br><br> IDOC DIRECTOR JOSH TEWALT,[1] <br><br> Respondent. | Case No. 4:18-cv-00272-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho prisoner Nicholas J. Longee ("Petitioner" or "Longee"). The Amended Petition challenges Petitioner's Twin Falls County convictions of grand theft by possession of stolen property, unlawful possession of a firearm, and solicitation of grand theft by disposing of stolen property. *See Dkt. 10*. The Amended Petition is now fully briefed and ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *Dkt. 17, 20*; *see* Fed. R. Evid. 201(b);

---

[1] Petitioner has been released on parole. Therefore, the Director of the Idaho Department of Correction is the appropriate respondent in this case. *See* Adv. Cmte. Notes to Rule 2 of the Rules Governing Section 2254 Cases ("Habeas Rules") (stating that, if a petitioner is on probation or parole, the proper respondents in a federal habeas corpus matter are "the particular probation or parole officer responsible for supervising the [petitioner], and the official in charge of the parole or probation agency, *or the state correctional agency*, as appropriate.") (emphasis added).

MEMORANDUM DECISION AND ORDER - 1

*Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). Having carefully reviewed the record in this matter, including the state court record, the Court concludes that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court will enter the following Order denying habeas corpus relief.

## BACKGROUND

Absent clear and convincing evidence to the contrary, *see* 28 U.S.C. § 2254(e)(1), the following facts of Petitioner's case, as described by the Idaho Court of Appeals, are presumed correct:

> In 2012, a home was burglarized and five guns, jewelry, and a pillowcase were taken from the residence. After an investigation, Longee was charged with burglary, grand theft by possession of stolen property, unlawful possession of a firearm, solicitation of grand theft by disposing of stolen property, and a persistent violator sentencing enhancement which was based upon two prior burglary convictions. At a preliminary hearing, the magistrate found that the State failed to meet its burden of proof on the burglary charge, and Longee was bound over only on the remaining charges.

*State's Lodging E-5* at 2. Petitioner was found guilty. The Idaho Court of Appeals affirmed Petitioner's convictions but remanded for resentencing, finding the evidence insufficient to support the persistent violator enhancement. *State's Lodging B-4*.

Petitioner later obtained state post-conviction relief and was granted a new trial. The prosecution refiled the burglary charge, which was consolidated with the other charges for the second trial. *State's Lodging E-5* at 2.

At trial, "there were competing stories presented through various witnesses as to the events surrounding the burglary." *Id*. The prosecution argued that Petitioner committed the

burglary and then gave the stolen property to Omar Padilla and Kenneth Worth to sell. Petitioner, however, claimed that Padilla or Worth committed the burglary, that Padilla tried to get Petitioner to sell the guns, and that Padilla and Worth then framed Petitioner for the burglary. *Id*.

Padilla testified at the second trial, but Worth invoked the Fifth Amendment and did not do so. Worth had testified at the preliminary hearing and the first trial, however, and this testimony was read into the record at the second trial. A police interview of Worth was also introduced at the second trial. Padilla testified, and Worth had previously testified, consistently with the state's theory of the crime—that Petitioner had stolen the guns and then gave them to Padilla and Worth to sell them.

The trial court excluded, as inadmissible hearsay, the testimony of Jason Ward and certain testimony of Donald Gurley, two inmates who had been incarcerated with Kenneth Worth. These inmates would have testified as to statements that Worth purportedly made to them, statements that inculpated Worth and Padilla in the burglary, but not Petitioner. *State's Lodging E-2* at 5–13.

Following the second trial, Petitioner was found guilty and sentenced to concurrent unified terms of twenty years with five years fixed. *State's Lodging D-8* at 32–40.

Petitioner appealed, arguing that the trial court abused its discretion by excluding Ward's and Gurley's testimony about Worth's statements, thereby violating his right to present a complete defense as guaranteed by the Compulsory Process and Due Process Clauses of the United States Constitution. *State's Lodging E-2*. The Idaho Court of Appeals rejected this argument and affirmed the convictions and sentence, and the Idaho Supreme

Court denied review. *State's Lodging E-5, E-8*.

## DISCUSSION

In the instant Amended Petition, Petitioner asserts the same claim as he did on direct appeal—that the exclusion of the hearsay testimony of Ward and Gurley violated Petitioner's right to present a complete defense. For the reasons that follow, the Court will deny habeas relief.

**1.     Habeas Corpus Standards of Law**

A federal court may grant habeas corpus relief when it determines that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). If the state court has adjudicated a claim on the merits, habeas relief is further limited by § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, federal habeas relief may be granted only where the state court's adjudication of the petitioner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Deciding whether a state court's decision involved an unreasonable application of federal law or was based on an unreasonable determination of fact requires the federal habeas court to train its attention on the particular reasons—both legal and factual—why state courts rejected a state prisoner's federal claims and to give appropriate

deference to that decision." *Wilson v. Sellers*, 138 S. Ct. 1188, 1191–92 (2018) (internal quotation marks and citations omitted).

Deference is required under § 2254(d) even if the highest state court denied the petitioner's claim without expressly addressing it. In such a case, the Court must "'look through' the unexplained decision to the last related state-court decision that ... provide[s] a relevant rationale." *Id*. at 1192. The Court then presumes that "the unexplained decision adopted the same reasoning," though this presumption can be rebutted. *Id*.

When a party contests the state court's legal conclusions, including application of the law to the facts, § 2254(d)(1) governs. That section consists of two alternative tests: the "contrary to" test and the "unreasonable application" test.

Under the first test, a state court's decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court] [has] done on a set of materially indistinguishable facts." *Bell v. Cone*, 535 U.S. 685, 694 (2002). Under the second test, to satisfy the "unreasonable application" clause of § 2254(d)(1), the petitioner must show that the state court—although identifying "the correct governing legal rule" from Supreme Court precedent—nonetheless "unreasonably applie[d] it to the facts of the particular state prisoner's case." *Williams (Terry) v. Taylor*, 529 U.S. 362, 407 (2000). "Section 2254(d)(1) provides a remedy for instances in which a state court unreasonably applies [Supreme Court] precedent; it does not require state courts to extend that precedent or license federal courts to treat the failure to do so as error." *White v. Woodall*, 572 U.S. 415, 426 (2014) (emphasis omitted).

Because AEDPA is designed "to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction," a federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision is incorrect or wrong. *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (internal citation and quotation marks omitted). Rather, the state court's application of federal law must be objectively unreasonable to warrant relief. If there is any possibility that fair-minded jurists could disagree on the correctness of the state court's decision, § 2254(d)(1) precludes relief. *Nevada v. Jackson*, 569 U.S. 505, 508–09 (2013).

The Supreme Court has emphasized that "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Richter*, 562 U.S. at 102. To be entitled to habeas relief under § 2254(d)(1), "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

"Clearly established federal law" means the governing legal principles set forth in the holdings—not the dicta—of the United States Supreme Court, as of the time the state court rendered its decision. *Williams*, 529 U.S. at 412. The habeas statute does not require an identical factual pattern before a legal rule must be applied. To the contrary, state courts must reasonably apply the rules squarely established by the Supreme Court's holdings to the facts of each case. *See White*, 572 U.S. at 427.

On the other hand, if a habeas court must *extend* a rationale before it can apply to the facts at hand, then by definition the rationale was not clearly established at the time of the state court's decision. *Id*. at 407. A federal habeas court "may not overrule a state court for … holding a view different from its own" when the precedent from the Supreme Court "is, at best, ambiguous." *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003). Although circuit precedent may be persuasive authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent, *Duhaime v. Ducharme*, 200 F.3d 597, 600–01 (9th Cir. 2000), a federal court may not refine or sharpen a general principle of Supreme Court habeas corpus jurisprudence into a specific legal rule that the Court itself has not announced, *Lopez v. Smith*, 574 U.S. 1, 7 (2014).

If no Supreme Court decision confronted the specific question presented by a state prisoner's federal habeas petition—that is, if the circumstances of a petitioner's case are only similar to the Supreme Court's precedents—then the state court's decision cannot be "contrary to" any holding from the Supreme Court. *Woods v. Donald*, 575 U.S. 312, 317 (2015) (per curiam). By the same token, a state court cannot unreasonably apply established federal law that does not exist. *See, e.g., Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (per curiam); *Carey v. Musladin*, 549 U.S. 70, 77 (2006).

To be eligible for relief under § 2254(d)(2), the petitioner must show that the state court decision was based upon factual determinations that were "unreasonable ... in light of the evidence presented in the State court proceeding." A "state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301

(2010); *see also Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."). State court factual findings are presumed to be correct and are binding on the federal court unless the petitioner rebuts this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Kirkpatrick v. Chappell*, 926 F.3d 1157, 1170 (9th Cir. 2019) (holding that § 2254(e)(1) "appears to apply to all factual determinations made by state courts").

If a petitioner satisfies § 2254(d)—either by showing that the state court's adjudication of the claim was contrary to, or an unreasonable application of Supreme Court precedent or by establishing that the state court's factual findings were unreasonable—then the federal habeas court must review the petitioner's claim de novo, meaning without deference to the state court's decision. *Hurles*, 752 F.3d at 778. When considering a habeas claim de novo, a district court may, as in the pre-AEDPA era, draw from both United States Supreme Court and circuit precedent, limited only by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989).

Even under de novo review, however, if the factual findings of the state court are not unreasonable under § 2254(d)(2), the Court must apply the presumption of correctness found in 28 U.S.C. § 2254(e)(1) to any facts found by the state courts. *Pirtle v. Morgan*, 313 F.3d 1160, 1167–68 (9th Cir. 2002); *Kirkpatrick*, 926 F.3d at 1170 ("Unlike § 2254(d), § 2254(e)(1)'s application is not limited to claims adjudicated on the merits [by a state court]."). Conversely, if a state court factual determination is unreasonable, the federal court is not limited by § 2254(e)(1) and may consider evidence outside the state court

record, except to the extent that § 2254(e)(2) might apply. *Murray v. Schriro*, 745 F.3d at 1000.

2.  **Factual Basis of Petitioner's Claim**

The State's theory at trial was that Petitioner stole the guns and later transferred them to Kenneth Worth and Omar Padilla to sell. At trial, Petitioner sought the admission of testimony, offered by two inmates, regarding statements that Worth made while he was in custody.

Jason Ward would have testified that he had a conversation about the burglary with two inmates, one of whom wore a nametag reading "Kenneth Worth." According to Ward:

> He, Kenneth Worth, said that Longee was saying bad things about him, calling him a rat, and he didn't understand why because *he, Kenneth Worth, was the one that did the burglary with a Mexican guy named Omar Padilla, and Omar Padilla is the one that ended up with the guns*.
>
> I asked why Longee would say that about him, and he said that Longee was telling people that Kenneth Worth was saying that Longee did the burglary and had the guns. Worth then said that that wasn't true.

*State's Lodging D-5* at 549–50 (emphasis added).

The other inmate witness, Donald Gurley, also would have testified as to statements made by Worth. Worth purportedly told Gurley that, once Padilla had blamed Petitioner for the burglary, Worth had no choice but to go along with that story. *Id*. at 595. Worth also told Gurley, "Those were ours, and we took them," meaning that Worth and Padilla—not Petitioner—stole the guns. *Id*.

Petitioner sought admission of this hearsay testimony under Idaho Rule of Evidence

804(b)(3), a hearsay exception for statements against the interest of the declarant. That rule permits the admission of hearsay statements if the declarant is unavailable and if corroborating circumstances clearly indicate the trustworthiness of the statement.[2] *See* Idaho R. Evid. 804(b)(3).

The state objected, arguing that there were not sufficient corroborating circumstances to support the admission of Worth's hearsay statements to Ward and Gurley. The trial court initially agreed, but gave the parties time to research the issue. *State's Lodging D-5* at 552–53, 596–601. After further argument, *id*. at 635–46, the trial court again concluded that the statements were not supported by sufficient corroborating circumstances:

> Well, it's a well-argued and well-presented point, and it is a close point. I didn't see, before, the clearly corroborating circumstances, and I don't at this point, and I'll abide by the [earlier] ruling; although, I acknowledge that it's very—it's closer in light of the decisions that have been cited.

*Id*. at 647. The court excluded Ward's and Gurley's hearsay testimony as unreliable under Rule 804(b)(3).

### 3. Clearly Established Law

A criminal defendant has a constitutional right to present a complete defense, whether that right is "rooted directly in the Due Process Clause of the Fourteenth Amendment[] or in the Compulsory Process or Confrontation clauses of the Sixth Amendment." *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). But that right "is not absolute

---

[2] Because Worth invoked the Fifth Amendment right to be free from compelled self-incrimination and did not testify at the second trial, he was unavailable for purposes of Rule 804(b)(3).

and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process," including restrictions imposed by evidentiary rules. *Chambers v. Mississippi*, 410 U.S. 284, 296 (1973).

State courts unquestionably have the power "to exclude evidence through the application of evidentiary rules that … serve the interests of fairness and reliability." *Crane*, 476 U.S. at 690. The accused—just like the prosecution—"must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers*, 410 U.S. at 302.

State evidentiary rules "may not be applied mechanistically to defeat the ends of justice." *Id*. However, because "rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials," only rarely is "the right to present a complete defense … violated by the exclusion of defense evidence under a state rule of evidence." *Nevada v. Jackson*, 569 U.S. 505, 509 (2013) (per curiam) (internal quotation marks omitted).

The right to present a defense as discussed in *Chambers* is clearly established federal law for purposes of 28 U.S.C. § 2254(d)(1). *Christian v. Frank*, 595 F.3d 1076, 1081 n.7 (9th Cir. 2010). From *Chambers*, then, the clearly established law on the right to present a defense is this: The exclusion of evidence under a state evidentiary rule does not violate the constitutional right to present a defense so long as the rule is designed to ensure, and the exclusion of the evidence promotes, the "fairness and reliability in the ascertainment of guilt and innocence." 410 U.S. at 302. But, if the evidence at issue is "competent, reliable … [and] central to the defendant's claim of innocence" or other defense, then it may not

be excluded under a state evidentiary rule absent a "valid state justification." *Crane*, 476 U.S. at 690.

Rule 804(b)(3) of the Idaho Rules of Evidence "serves the important role of excluding testimony that lacks significant indicia of reliability." *Rhoades v. Henry*, 638 F.3d 1027, 1036 (9th Cir. 2011). Therefore, the Ninth Circuit has held that excluding a statement against interest as unreliable under Rule 804(b)(3) does not violate the Constitution if the statement (1) is unsupported by other evidence, (2) is not probative, or (3) is not central to the defense of the accused. *Id*. ("Of course a confession may have great probative value, but it also may not, and if not—as here—it may be excluded. With nothing to back up [the declarant's] confession, it was unreliable … [and] could not realistically have been a major part of Rhoades's defense ….") (internal citation omitted).

4.  **Petitioner Is Not Entitled to Habeas Relief**

    A.  ***Decision of the Idaho Court of Appeals***

    The Idaho courts have determined that, where relevant evidence is excluded under the Idaho Rules of Evidence, the right to present a defense is violated only where the trial court abuses its discretion in excluding the evidence. *State v. Self*, 85 P.3d 1117, 1121 (Idaho Ct. App. 2003). A trial court does not abuse its discretion in excluding evidence if it reasonably concludes that "other legitimate interests," such as the ensuring that the evidence is reliable, "outweigh the defendant's interest in presenting the evidence." *Id*.

    Whether to admit evidence under Idaho Rule of Evidence 804(b)(3) depends on "whether evidence in the record corroborating and contradicting the declarant's statement would permit a reasonable person to believe that the statement could be true." *State v.*

*Meister*, 220 P.3d 1055, 1061 (Idaho 2009) (emphasis and internal quotation marks omitted). If not, the evidence should be excluded. Idaho courts apply a seven-factor balancing test in determining whether to admit evidence under Rule 804(b)(3):

> (1) whether the declarant is unavailable; (2) whether the statement is against the declarant's interest; (3) whether corroborating circumstances exist which clearly indicate the trustworthiness of the exculpatory statement, taking into account contradictory evidence, the relationship between the declarant and the listener, and the relationship between the declarant and the defendant; (4) whether the declarant has issued the statement multiple times; (5) whether a significant amount of time has passed between the incident and the statement; (6) whether the declarant will benefit from making the statement; and (7) whether the psychological and physical surroundings could affect the statement.

*State v. Meister*, 220 P.3d 1055, 1061 n.7 (Idaho 2009).

The Idaho Court of Appeals applied these principles to Petitioner's claim that the exclusion of Ward's and Gurley's hearsay testimony violated his right to present a defense. *State's Lodging E-5* at 3–4. Relying on the seven-factor test set forth in *State v. Meister*, the appellate held that the district court did not abuse its discretion in finding insufficient corroborating circumstances to render Ward's and Gurley's testimony reliable:

> Longee asserts that the district court abused its discretion in finding insufficient corroborating circumstances and refusing to admit [Worth's] hearsay statements. Specifically, Longee contends the district erred by not expressly applying all of the *Meister* factors. Longee also contends that the district court invaded the province of the jury by "concern[ing] itself with whether it believed the statements were true" rather than "asking whether evidence in the record corroborating and contradicting the declarant's statement[s] would permit a reasonable person to believe that the statement[s] could be true." *A review of the record shows that the district court correctly perceived the issue as one of*

MEMORANDUM DECISION AND ORDER - 13

*discretion, acted within the bounds of its discretion and consistently with applicable legal standards, and reached its decision by an exercise of reason.* Contrary to Longee's claim, the district court was not required to articulate its finding on each factor set forth in *Meister*, and the failure to do so does not mean the district court "neglect[ed]" the relevant factors or abused its discretion. *It was also not an abuse of discretion for the district court to focus on the corroboration requirement, which it characterized as a "critical factor."* Idaho Rule of Evidence 804(b)(3) precludes admission "unless corroborating circumstances clearly indicate the trustworthiness of the statement" and the factors set forth in *Meister* inform that inquiry. Although the district court did not reference the *Meister* factors individually, it does not mean the district court neglected, ignored or disregarded them, particularly when presented with the factors in conjunction with the parties' arguments.

We also reject Longee's contention that the district court applied a standard of whether it personally believed the hearsay statements rather than the applicable reasonable person standard. The only basis Longee offers for this claim is the district court's statement that "it's a well-argued and well-presented point, and it is a close point. I didn't see, before, the clearly corroborating circumstances, and I don't at this point, and I'll abide by the ruling; although, I acknowledge that its very—it's closer in light of the decisions that have been cited." The district court's use of the word "I" in its oral ruling, finding there were insufficient corroborating circumstances to admit the hearsay, does not translate into a conclusion that the district court ignored the applicable legal standard. Indeed, the district court's comments do not indicate the district court's belief regarding the statements. The quoted language only reflects that *the district court found insufficient corroborating circumstances, which is the correct legal standard the district court was to apply. The district court understood and applied the correct legal standard and reached its decision by exercising reason.* Accordingly, we conclude that the district court did not abuse its discretion.

*Id*. at 5–6 (emphasis added). By concluding that the trial court did not abuse its discretion, the court of appeals necessarily concluded that the exclusion of the evidence did not violate Petitioner's right to present a defense. *See Self*, 85 P.3d at 1121.

### B. The State Court's Rejection of Petitioner's Claim Was Not Unreasonable under AEDPA

Clearly established Supreme Court precedent permits a state court to exclude hearsay evidence of a third-party confession so long as the exclusion promotes the fairness and reliability of the proceeding. *Chambers*, 410 U.S. at 302. Following this principle, Idaho courts have determined that a trial court does not violate the right to present a defense, by excluding hearsay statements as unreliable, unless the court abuses its discretion. *Self*, 85 P.3d at 1121. There is no clearly established Supreme Court precedent that would preclude this interpretation as objectively unreasonable under § 2254(d). *See Woods*, 575 U.S. at 317 ("Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court.") (internal quotation marks omitted).

Further, the Idaho Court of Appeals' decision that the trial court appropriately exercised its discretion in excluding evidence of Worth's hearsay statements was not objectively unreasonable. Both the trial court's decision to exclude the evidence and the appellate court's affirmance are fully consistent with *Rhoades*, 638 F.3d at 1035–36, in which the Ninth Circuit held that the exclusion of a third-party hearsay confession as unreliable did not violate the Constitution. This supports the Court's conclusion that the

MEMORANDUM DECISION AND ORDER - 15

state court's rejection of Petitioner's claim did not unreasonably apply clearly established law. *See Duhaime*, 200 F.3d at 600–01.

The Idaho Court of Appeals appropriately analyzed the trial court's decision to exclude the hearsay statements, and this Court cannot say that all fair-minded jurists would disagree with the state appellate court's decision. Reasonable jurists could conclude that the exclusion of Ward's and Gurley's hearsay testimony promoted "fairness and reliability in the ascertainment of guilt and innocence" and, therefore, did not violate Petitioner's right to present a defense. *Chambers*, 410 U.S. at 302. Therefore, Petitioner has not established that he is entitled to relief under AEDPA.

## CONCLUSION

For the foregoing reasons, the Idaho Court of Appeals' rejection of Petitioner's habeas claim was not contrary to, or a unreasonable application of, clearly established Supreme Court precedent, nor was it based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Accordingly, the Court must deny the Amended Petition.

## ORDER

**IT IS ORDERED:**

1. Josh Tewalt, the Director of the Idaho Department of Correction, is SUBSTITUTED for Warden Armstrong as the Respondent in this case.

2. The Amended Petition for Writ of Habeas Corpus (Dkt. 10) is DENIED, and this entire action is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C.

§ 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: March 8, 2021

David C. Nye
Chief U.S. District Court Judge